IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| STEPHEN F. EVANS & <br> ROOF N BOX, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BUILDING MATERIALS <br> CORPORATION OF AMERICA d/b/a <br> GAF-ELK CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> )    Case No. 1:1-16-cv-00282-GBL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION & ORDER

THIS MATTER is before the Court on Defendant Building Materials Corporation of America d/b/a GAF-ELK Corporation ("GAF")'s Motion to Dismiss or, in the Alternative, Compel Arbitration and Stay Proceedings. (Doc. 13). This case arises from GAF's manufacture, advertisement, and sale of a three-dimensional roofing model. Roof N Box, Inc. ("RNB") and Stephen F. Evans ("Evans") (collectively, "Plaintiffs") bring this action under federal and state law alleging patent infringement, trade dress infringement, and unfair competition. Defendant, in response, brings this Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay Proceedings. Defendant asserts that the arbitration clause in the Promotional Agreement (the "Agreement") requires Plaintiffs to submit any disputes between Plaintiffs and Defendant to an arbitrator.

There are two issues before the Court. The first issue is whether, as a threshold question, the arbitration clause in the Agreement is valid, given that the conduct at issue occurred after the Agreement was terminated. This Court holds that the arbitration clause is no longer valid as to

the Plaintiffs' claims because GAF terminated the Agreement and the conduct did not relate to the arbitration clause.

The second issue is whether, even if the arbitration clause is valid, Plaintiffs' claims arise under the terminated Agreement. This Court holds that the arbitration clause, even if valid, relates only to the Agreement, and Plaintiffs' claims have nothing to do with the Agreement. Instead, Plaintiffs' claims arise from GAF's alleged unauthorized copying and selling of Plaintiffs' device. Therefore, the Court **DENIES** GAF's Motion to Dismiss or, in the Alternative, Compel Arbitration and Stay Proceedings.

## I. BACKGROUND

Stephen F. Evans ("Evans") is the founder of Roof N Box Inc. ("RNB") (collectively, "Plaintiffs"), a corporation organized and existing under the laws of Virginia. (Doc. 1, at 3). The Defendant is Building Materials Corporation of America d/b/a GAF-Elk Corporation ("GAF"), and GAF is a corporation organized and existing under the laws of Delaware. (*Id.* at 4). Evans developed the "Roof N Box" product (the "Product") and filed a patent application for the Product on June 25, 2007. (*Id.* at 8, 11). The Product is a three dimensional visual aid tool used by roofing contractors to help explain the roofing process to potential clients. (Doc. 14, Ex. 1, at 1). Design patent number D575,509, issued on August 26, 2008, lists Evans as the sole owner of the patent for the Product. (Doc. 1, Ex. 1, at 2).

Evans began selling the Product in 2008, and on September 1, 2009, RNB and GAF entered into a Promotional Agreement (the "Agreement") whereby RNB agreed to sell the Product to GAF contractors. (Doc. 1, at 13, 19-20). The Agreement includes an arbitration clause that states: "If any dispute arises under this agreement . . . . the parties shall use their reasonable efforts to settle the dispute . . . first with good faith discussions." (Doc. 14, Ex. 1, at

2

14). Failing that, the parties agree to submit the "dispute . . . to final and binding arbitration in accordance with the rules of the American Arbitration Association ('AAA'), in New York City, New York." (*Id.*) However, the Agreement also includes a provision unrelated to the arbitration clause that allows GAF to pursue all remedies at law in the event of a breach or threatened breach of the Agreement. (*Id.* at 8).

After executing the Agreement, Evans provided GAF with RNB's confidential information about the Product. This information consisted of the Product's design, its manufacturing process, and the strategy for using the Product in sales presentations for roofing services. (Doc. 1, at 21). Evans and GAF agreed, orally, that GAF would keep the information confidential. (*Id.* at 22). Later, GAF orally advised RNB that GAF was terminating the Agreement because RNB was unable to meet the production demands under the Agreement. (*Id.*) GAF then commenced manufacturing, advertising, and selling a competing roofing model. (*Id.*) Allegedly, the design of GAF's roofing model suggests that the model is affiliated, connected or associated with the Product. (*Id.* at 23, 26-27, 56).

On March 14, 2016, Plaintiffs filed a Complaint in this Court against GAF seeking, *inter alia*, disgorgement of Defendant's profits and injunctive relief. (*Id.* at 79). Evans, solely, alleges patent infringement in Counts I and II, and Plaintiffs allege trade dress infringement and unfair competition in Counts III, IV, and V. (*Id.* at 1, 35, 60, 69, 77). In response, GAF brings this Motion to Dismiss or, in the Alternative, to Compel Arbitration and Stay Proceedings. (Doc. 13). GAF's motion rests entirely on the arbitration clause in the Agreement. As GAF points out, the Agreement requires the parties to arbitrate any dispute "arising under" the Agreement. (*Id.*) GAF argues that this dispute arises under the agreement, and that the parties must, therefore, arbitrate the dispute.

## II. STANDARDS OF REVIEW

**12(b)(1) Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) enables a party to move for dismissal by challenging a court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *see also Coulter v. United States*, 256 F. Supp. 2d 484, 486 n.3 (E.D. Va. 2003), *aff'd* 90 Fed. App'x 60 (4th Cir. 2004). A court must dismiss a case where the court finds subject-matter jurisdiction lacking. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

In deciding a motion under Federal Rule of Civil Procedure 12(b)(1), the court must ascertain whether "plaintiff's allegations standing alone and taken as true plead jurisdiction and a meritorious cause of action." *Allianz Insurance Co. of Canada v. Cho Yang Shipping Co., Ltd.*, 131 F. Supp. 2d 787, 789 (E.D. Va. 2000) (quoting *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1984)).

A plaintiff bears the burden of proof for establishing subject-matter jurisdiction. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (citing *U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009)). A defendant may assert that the complaint fails to allege facts upon which federal subject-matter jurisdiction could be based. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). If the defendant so argues, the court must assume that plaintiffs' factual allegations are true. *Id.* (quoting *Bain*, 697 F.2d at 1219).

Alternatively, instead of arguing that the plaintiff has failed to allege sufficient jurisdictional facts, the defendant may deny the jurisdictional allegations. *Id.* When this occurs, a court may consider evidence outside the pleadings in order to determine whether subject matter

4

jurisdiction exists. *Id.*; *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). Accordingly, the plaintiff's allegations will not receive a blanket presumption of truth, and a dispute of material fact will not prevent a court from evaluating the claims underlying jurisdiction. *Vuyyuyu*, 555 F.3d at 347. "Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." *Id.* (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The court must then decide whether the plaintiff has proven the disputed jurisdictional facts by a preponderance of the evidence. *Vuyyuyu*, 555 F.3d at 347.

### III. ANALYSIS

The Court **DENIES** Defendant's Motion to Dismiss or, in the Alternative, Compel Arbitration and Stay Proceedings.

#### 1. The Arbitration Clause in the Agreement Does Not Cover Plaintiffs' Claims Because the Agreement was Terminated Before the Dispute Arose

The Court holds that the parties did not agree to arbitrate Plaintiffs' claims because the dispute arose after the Agreement was terminated.

Although there is a presumption favoring arbitration where parties have included an arbitration clause in an existing contract, the Supreme Court refuses to apply that presumption to expired contracts. *See Litton Fin. Printing Div. v. NLRB*, 501 U.S. 190, 209 (1991) (holding that "an expired agreement by its own terms released all its parties from their respective contractual obligations"); *see also Nolde Bros. v. Local No. 358, Bakery & Confectionary Workers Union, AFL-CIO*, 430 U.S. 243, 255 (1977) (limiting the presumption "to disputes arising under the contract"). When a contract expires, all parties to the contract are released from their respective contractual obligations. *Litton*, 501 U.S. at 206. However, the Court will compel arbitration

5

pursuant to an obligation under an expired contract *if a dispute arises under the contract. Id.* A post-expiration dispute only arises under a contract where: 1) the dispute arises from facts that occurred before expiration, 2) an action taken after expiration infringes on a right that vested during the life of the contract, or 3) a contractual right is interpreted to survive the contract's expiration under normal principles of contract interpretation. *Id.*

For example, in *Litton*, a collective bargaining agreement required the employer to follow a two step-grievance process and then submit any unresolved disputes to arbitration before laying off employees. *Id.* at 194. However, the Supreme Court held that the employer's refusal to arbitrate its decision to lay off workers almost a year after the collective bargaining agreement expired, did not violate the agreement. *Id.* at 192. Specifically, the layoff provision in the contract did not vest any rights in the employees that carried over after expiration of the agreement. *Id.* at 210. Further, the Supreme Court found nothing in the agreement that evinced that the duty to arbitrate would survive the agreement's expiration. *See id.* As such, the Court held that the arbitration clause did not apply because (1) the conduct that led to the dispute occurred after the agreement expired, (2) the agreement did not vest rights in the employees, and (3) the duty to arbitrate was not interpreted to survive the agreement's expiration. *See id.* For the same reasons, the Court held that although the dispute would have been covered under the agreement before it expired, the dispute no longer arose under the agreement after expiration. *See id.* at 206.

In contrast, in *Nolde*, a collective-bargaining agreement required the employer to provide severance pay to employees with at least three years on the job. *See* 430 U.S. at 245. The agreement also required the parties to arbitrate any grievances arising between the parties. *Id.* However, the employer terminated the employees without severance pay four days after the

6

agreement expired and refused to arbitrate the decision. *Id.* at 247. The Supreme Court held that the right to severance pay, like the right to vacation pay, accrued during the life of the contract. *See id.* at 248. Thus, the dispute arose under the agreement, and the parties were compelled to submit the dispute to arbitration. *Id.*

Here, the Agreement required the parties to arbitrate any disputes arising under the Agreement. (Doc. 14, Ex. 1). Years after the Agreement was terminated, GAF commenced selling its competing roofing model, which led to the current dispute. (Doc. 1). Here, unlike in *Nolde*, the Plaintiffs' right to protect their own property did not vest or accrue during the life of the Agreement. The Plaintiffs' rights to protect the Product vested long before the Agreement was even consummated under federal patent law. Further, nothing in the Agreement indicates that the arbitration clause was meant to survive the Agreement's expiration. Thus, the Agreement here is like the agreement in *Litton* because (1) the the conduct that led to the current dispute occurred after the Agreement terminated, (2) the Agreement did not vest the right to protect the Product, and (3) the duty to arbitrate was not interpreted to survive the Agreement's expiration. Thus, the dispute here does not arise under the Agreement.

GAF argues that the "Term" section in the Agreement evinces the parties' intent that the arbitration clause must survive the Agreement's expiration. (Doc. 30). The Court is not persuaded by GAF's argument. The Term section in the Agreement grants GAF the right to "pursue any and all remedies at law" *in spite of the arbitration clause*. (Doc. 14, Ex. 1). This Court does not interpret the Term provision to require the parties to arbitrate a dispute that has nothing to do with the Agreement years after the Agreement expired. If anything, the provision is evidence to the contrary because a right to pursue "all remedies at law" is inconsistent with a

duty to arbitrate. As such, the Court does not interpret the Agreement to require the parties to arbitrate after the Agreement expired.

For the foregoing reasons, the dispute does not arise under the expired Agreement. Therefore, the arbitration clause is not valid and does not cover the present dispute.

### 2. Even if the Arbitration Clause Survived the Agreement's Termination, Plaintiffs' Claims Are Not Covered by the Arbitration Clause

The Court holds that Plaintiffs' claims for patent infringement, trade dress infringement, and unfair competition are outside the scope of the arbitration clause.

The Fourth Circuit held that a court must determine whether the factual allegations underlying a claim are within the scope of the arbitration clause, regardless of the legal label assigned to the claim, to decide whether an arbitration agreement encompasses a dispute. *J.J. Ryan & Sons, Inc. v. Rhone Poulenc Textile, S.A.*, 863 F.2d 315, 319 (4th Cir. 1988). In other words, the parties must arbitrate a claim that "significantly relates to the agreement" that the dispute arises under. *Am. Recovery Corp. v. Computerized Thermal Imagining, Inc.*, 96 F.3d 88, 93 (4th Cir. 1996). Similarly, the Fifth Circuit held that the Court can only compel arbitration where the dispute arguably falls within the scope of the arbitration clause. *See Douglas v. Regions Bank*, 757 F.3d 460, 464 (5th Cir. 2014).

In *American Recovery*, the plaintiffs brought a tortious interference claim against a defendant who hired one of the plaintiffs' employees, despite agreeing to an exclusivity provision whereby the defendant would only hire the plaintiff. *See id.* at 90-91. Because the plaintiffs relied on the exclusivity provision in the agreement to establish their claim, the Fourth Circuit rejected the plaintiff's argument that the claim for tortious interference was outside the scope of the arbitration clause. *Id.* at 94. Thus, the court held that the claims significantly related to the agreement, and therefore, were subject to arbitration. *Id.*

In *Douglas*, the plaintiff brought an action against the plaintiff's bank alleging, *inter alia*, negligence for not reporting the plaintiff's attorney for embezzling plaintiff's settlement payments from a car accident. *See* 757 F.3d at 461. The plaintiff opened an account with the bank years before and agreed to a broad arbitration provision with the bank. *Id*. The court held that the plaintiff's claims were not arbitrable because the plaintiff did not intend to bind herself for life to arbitration for any claims that ever might exist between her and the Bank. *See id*. at 464. Further, after a special inquiry regarding the factual allegations underlying the claims, the court held that "a car accident, a settlement, and embezzlement [had] nothing to do with" with the plaintiff's agreement to arbitrate. *Id*. Thus, the court held that the claims were not subject to arbitration. *See id*.

Here, Plaintiffs bring an action for patent infringement, trade dress infringement, and unfair competition. The factual allegation underlying Plaintiffs' claim is GAF's unauthorized manufacture and sale of the Product. The Agreement established how the Product would be supplied and paid for. It does not address the unauthorized use of the Product years after the Agreement was terminated. Plaintiffs here are like the plaintiff in *Douglas* because Plaintiffs did not intend to bind themselves for life to arbitration over claims that had nothing to do with the Agreement. Further, unlike the plaintiffs in *American Recovery*, the Plaintiffs here do not rely on the Agreement to establish any part of their claim.

At the hearing, GAF argued that Plaintiffs' claim for *lost profits* is essentially a claim for a breach of the Agreement subject to arbitration. According to GAF, its liability for lost profits would arise, if at all, from the Agreement, and not from an independent source of liability such as patent or trade dress law. The Court is not persuaded by GAF's argument. Plaintiffs' Complaint includes lost profits as a mere statement of the relief sought, and not the underlying

factual allegation. Again, the underlying factual allegation is that GAF copied and sold the Product without Plaintiffs' permission. As discussed *supra*, the Agreement does not address copying and selling the Product without authorization. Thus, because the underlying factual allegations of Plaintiffs' claims have nothing to do with the performance or interpretation of the Agreement, the claims do not significantly relate to the Agreement.

Therefore, the Plaintiffs' claims are outside the scope of the arbitration clause, and the Court will hear the Plaintiffs' claims, rather than order arbitration.

## V. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Motion to Dismiss or, in the Alternative, Compel Arbitration and Stay Proceedings (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

ENTERED this 5th day of July, 2016.

Alexandria, Virginia

7/5/2016

/s/
Gerald Bruce Lee
United States District Judge